NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0537n.06

No. 10-2061

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 24, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| LYDALE SHUMATE, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| JOHNATHON CLEVELAND, SCOTT | ) | |
| BLANCHARD, | ) | OPINION |
| | ) | |
| Defendants-Appellants. | ) | |

BEFORE: SUHRHEINRICH, STRANCH and DONALD, Circuit Judges.

PER CURIAM. Johnathon Cleveland and Scott Blanchard, police officers for the city of Ferndale, Michigan, appeal a district court order denying in part their motion for summary judgment in an action alleging civil rights violations and state tort claims.

Plaintiff Lydale Shumate filed a complaint against the two defendants arising out of events that occurred on October 20, 2008. He asserted that the defendants violated his constitutional rights by being deliberately indifferent to his serious medical needs and employing excessive force. He also raised a number of state law tort claims. The defendants moved for summary judgment on the grounds of qualified immunity and governmental immunity, appending several depositions of the parties and other witnesses. Shumate filed a response, also relying on discovery materials. The district court granted the motion in part, but denied it in part, allowing the claim of deliberate

indifference to proceed against both defendants, and the claims of excessive force and state law assault and battery to proceed against defendant Blanchard. This interlocutory appeal followed.

Summary judgment is proper where the evidence of record shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). In ruling on a summary judgment motion, the evidence must be viewed, and inferences drawn, in the light most favorable to the nonmoving party. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009).

Construing the evidence in the light most favorable to Shumate, it appears that his co-worker at a convalescent center called 911 for medical assistance because Shumate was behaving strangely. He was observed staggering around in the parking lot of the center, speaking incoherently. The defendants responded, followed closely by an ambulance, firetruck, and other police officers. While cursing at the officers, Shumate told them that he did not need the police, he was a diabetic, and he just needed some sugar. Shumate's license was checked, and it was discovered that he had outstanding traffic warrants. The officers refused the ambulance crew's offer to check Shumate's blood sugar. They attempted to place him in handcuffs, which he resisted, falling against a car and nearly falling down a stairwell to the basement of the center. The officers also noted that there was a danger Shumate might go out into the street in front of traffic. Eventually, handcuffs were successfully applied and Shumate was placed in the back seat of a police car. He was lying on his side and being pulled across the back seat by defendant Blanchard. Froth or spittle had formed at the corners of his mouth, and when Shumate angrily demanded to know why he was being arrested instead of receiving medical treatment, some saliva sprayed onto Blanchard's face and chest.

Blanchard punched Shumate in the face with his fist and then closed the car door. The officers drove Shumate to the police station, approximately one mile away, where he was placed in a holding cell. The ambulance crew followed and were permitted to treat Shumate there. His blood sugar was found to be extremely low. He was given dextrose and soon recovered. He was then taken to a hospital and released several hours later. No charges were filed against him.

Defendants are not entitled to qualified immunity on the claim of deliberate indifference to Shumate's serious medical need if it would have been clear to a reasonable officer that their conduct was unlawful in light of clearly established law. *See Schreiber v. Moe*, 596 F.3d 323, 329 (6th Cir. 2010). Deliberate indifference has been defined as a state of mind tantamount to an intent to punish. *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Defendants cite to *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005), in which the court found a defendant not deliberately indifferent to the plaintiff's need for treatment for her diabetes, where the defendant delayed seeking treatment but was not shown to have a culpable state of mind. That case is distinguishable, however, because the plaintiff had no physical symptoms of distress. *Id*. at 794. Here, Shumate was obviously behaving strangely, staggering around and frothing at the mouth, and he requested medical treatment. The medical personnel on the scene offered to treat him, but defendants insisted on placing him in custody and removing him to the police station. The district court properly found that defendants were less qualified to assess Shumate's medical needs, and yet overruled the opinion of the ambulance crew. If a jury believed Shumate's version of the facts, defendants would not be entitled to qualified immunity; the district court therefore properly denied

summary judgment to defendants on this claim. *See Bouggess v. Mattingly*, 482 F.3d 886, 888 (6th Cir. 2007).

In order to be entitled to qualified immunity on Shumate's claim of excessive force, defendant Blanchard would have to show that a reasonable officer would believe that punching Shumate in the face after being spit on was not unlawful. The factors considered in a claim of excessive force are the severity of the crime involved, any threat to the safety of the officer, and the extent to which the plaintiff is resisting. *See Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 174 (6th Cir. 2004). Here, Shumate was being arrested on outstanding traffic warrants, he was handcuffed and being placed in the back of the police car, and he was only verbally resisting the officer. We have held that striking a person in handcuffs is objectively unreasonable. *Schreiber*, 596 F.3d at 332. Blanchard admitted that he was upset when Shumate's saliva sprayed on him. He did not explain why it was necessary to punch Shumate in the face before closing the car door, which would seem to be sufficient to protect him from further spitting. A jury who believed Shumate's version of the facts could find that excessive force was used. Therefore, summary judgment was properly denied on this ground.

Finally, Blanchard moved for summary judgment on the state tort of assault and battery based on governmental immunity. We have jurisdiction over an interlocutory appeal concerning a pendent state law claim alleged to be barred by governmental immunity. *Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397, 408 (6th Cir. 2007). Governmental immunity will be applied in cases alleging intentional torts such as assault and battery where the defendant acted in good faith and not with malice. *Odom v. Wayne Cnty.*, 760 N.W.2d 217, 228-29 (Mich. 2008). Here, a jury could conclude,

based on Shumate's version of the facts, that Blanchard acted with malice in punching him and had no good-faith reason for doing so. Therefore, summary judgment was properly denied on this claim.

For the above reasons, the district court's order denying defendants' motion for summary judgment in part is affirmed.